UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
IN THE MATTER OF THE PETITION OF

AHIDA GABRIELLA AREVALO

TO PRESERVE AND PRODUCE VIDEO PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 27

---------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 01 2013 ★
LONG ISLAND OFFICE

MISC. 13 0600

- BIANCO, J.

## MEMORANDUM OF LAW IN SUPPORT OF THE VERIFIED PETITION SEEKING AN ORDER PURSUANT TO FED. R. CIV. P. 27 REQUIRING THE DISCLOSURE OF THE VIDEO OF SEXUAL ASSAULT

Dated: Bellmore, New York
July 31, 2013

James J. Corbett, P.C. (JC6658)
*Attorney for Petitioner,*
*Ahida Gabriella Arevalo.*
254 Pettit Avenue
Bellmore, New York 11710
(516) 679-9494

To: YPD, Inc.
1817 Queen Street
Bellmore, New York 11710

Domino's Pizza, LLC
30 Frank Lloyd Wright Dr.
Ann Arbor, Michigan 48105

1

## PRELIMINARY STATEMENT

Petitioner, Ahida Gabriella Arevalo ("AREVALO"), who has filed a Title VII sexual harassment complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") and who intends to commence an action in this Court after the EEOC issues a Right to Sue Notice, brings this Petition seeking an order, pursuant to Federal Rule of Civil Procedure 27, requiring the pre-action disclosure of electronically stored video of a sexual assault perpetrated upon her during the course of her employment at the Domino's Pizza located at 730 Grand Boulevard, Deer Park, New York ("Deer Park Domino's"). The electronically stored video is routinely deleted and, according to an assistant manager at the Deer Park Domino's, the video is scheduled to be deleted the first week of August 2013. Therefore, the relief sought herein is necessary to preserve the electronically stored video as evidence for the action AREVALO intends to commence in this Court.

AREVALO is prohibited from commencing her action in this Court at this time because this Court will not entertain her Title VII action until she first files an action with the EEOC and the EEOC issues a Right to Sue Notice.

## FACTS

From March 2013 through July 2013, AREVALO was sexually harassed and sexually assaulted during the course of her employment at the Deer Park Domino's. The Deer Park Domino's is owned by YPD, Inc. ("YPD") and controlled and operated by Domino's Pizza, LLC ("Domino's").

One sexual assault took place on or about July 7, 2013 in the counter area of the Deer Park Domino's in view of surveillance cameras.

2

AREVALO has been informed by YPD assistant manager, Gabriel, that the video from the surveillance cameras is saved on a computer at the Deer Park Domino's and that the video is routinely deleted from the computer when the space on the computer allocated to the surveillance camera video is full. In the middle of July 2013, Gabriel told AREVALO that the computer could store three more weeks of video before it will be full. Therefore, it is anticipated that the video will be deleted in the first week of August 2013.

Accordingly, absent Court intervention, the video from the surveillance cameras will be deleted.

In addition to the sexual assault perpetrated against AREVALO on or about July 7, 2013, there are numerous other sexual assaults and instances of sexual harassment perpetrated against AREVALO and other workers at the Deer Park Domino's. The Court is respectfully referred to AREVALO's Petition and the New York State Department of Human Rights Complaint ("Complaint") and Affidavit of Dana Sausa attached to the Petition for the litany of sexual incidents AREVALO was caused to endure. As set forth in AREVALO's Petition, many of those incidents were witnessed and condoned by the management personnel at the Deer Park Domino's.

Of additional concern is whether, upon being notified of this proceeding, the Deer Park Domino's management or Justin will take it upon themselves to delete the video. As set forth in the Petition and the exhibits attached thereto, Justin (1) sexually harassed Jennifer, the manager of the Deer Park Domino's (2) sexually harassed other workers in the presence of management, (3) attempted to cut off the pony tail of another employee in the presence of the Deer Park Domino's supervisor, and (4) regularly commented about the weapons he kept in the back of his

car. Therefore, management at the Deer Park Domino's have little or no control over Justin and it is unlikely they could prevent Justin from deleting the video.

Based upon the allegations in AREVALO's Petition, management at the Deer Park Domino's did not conduct themselves professionally and may be at risk of losing their jobs. Therefore, they should not be entrusted with the very evidence upon which their jobs rely.

AREVALO filed a Complaint against YPD and Domino's with the New York State Department of Human Rights ("NYSDHR") which included a cause of action for sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII""). As set forth in the Complaint, AREVALO acknowledged that by filing the Complaint with NYSDHR she was also filing the Complaint with the EEOC under Title VII and authorized NYSDHR to accept the Complaint on behalf of the EEOC.

### I.    YPD AND DOMINO'S SHOULD BE ORDERED TO PRODUCE ALL VIDEOS STORED ON THE COMPUTER AT THE DEER PARK DOMINO'S

This Court should grant the petition of AREVALO for an order pursuant to Fed. R. Civ. P. 27 directing YPD and Domino's to produce the video in anticipation of AREVALO's yet unfiled employment discrimination action.

Fed. R. Civ. P. 27 permits a court to grant limited discovery prior to the filing of a complaint where a petitioner expects to be a party in a federal court action, "but is presently unable to bring it or cause it to be brought." Fed. R. Civ. P. 27(a)(1). Although this rule refers generally to depositions and testimony, a court may properly order the preservation, or perpetuation of other evidence, including ordering the production of documents or mental and physical examination. See Rule 27(a)(3) ("the court may issue orders like those authorized by Rule 34 and 35"); *In re Liquor Salesmen's Union Local 2D Pension Fund*, No. 12-CV-2786,

2012 WL 2952391,. It is within the discretion of the reviewing court to grant discovery under Rule 27 "if it is satisfied that a failure or delay of justice may thereby be prevented." *Messeller v. United States*, 158 F.2d 380, 382 (2d Cir. 1947); see Rule 23(a)(3); *Norex Petoleum Ltd. v. Access Indus.*, 620 F. Supp. 2d 587, 591 (S.D.N.Y. 2009); *General Bd. Of Global Ministries of the United Methodist Church v. Cablevision Lightpath, Inc.* No CV 06-3669, 2006 WL 3479332.

Here, AREVALO intends to commence an action in this court against YPD and Domino's which will include a cause of action for sexual harassment based on violation of Title VII. The potential federal action is portended by the fact that AREVALO is currently the petitioner in a complaint pending before the EEOC, which asserts claims of sexual harassment in violation of Title VII.

AREVELO's EEOC complaint establishes a likelihood, that AREVALO will commence a Title VII action, over which federal courts have jurisdiction. *In The Matter Of The Petition of John W. Donforth Group, Inc. To Perpetuate Testimony Pursuant To Federal Rule of Civil Procedure 27*, 2013 U.S. Dist. LEXIS 92476 (W.D.N.Y. 2013). Further, AREVALO cannot cause the action to be brought at this time because she cannot commence this action until she receives a right to sue letter from the EEOC. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 291, 122 S. Ct. 754, 151 L. Ed 2d 755 (2002).

FRCP 27 was enacted to provide parties with an equitable means to preserve evidence that would otherwise be destroyed. *In re Liquor Salesmen's Union*, 2012 WL 2952391 at 3. In contrast to the broad post-complaint discovery available under Rule 26, relief under Rule 27 should be granted only in special circumstances to preserve evidence that would otherwise be lost. *In re Yamaha Motor Corp.*, 251 F.R.D. 97, 99; *Hardin-Warfield v. Mosby*, No. 5:05 cv 161,

2006 (S.D. Miss. May 18, 2006); *Application of Checkosky*, 142 F.R.D. 4.7-8 n.2 (D.D.C. 1992). Common elements satisfying this particularization requirement include "geographical or jurisdictional constraints, a deponent's advanced age or illness, or actual destruction of evidence (emphasis added)." *In re Liquor Salesmen's Union*, 2012 WL 2952391 at 3 see *Mosseller*, 158 F.2d at 382 (unfavorable medical prognosis for injured witness necessitated Rule 27 order); *In Re Town of Amenia*, 200 F.R.D. 200, 202-3 (S.D.N.Y. 2001) (particularized need established by witnesses "advanced age" and adverse medical history, including multiple heart attacks); *In re Campania Chilena de Navegacion*, No. 03-CV-5382, 2004 WL 1084243, (E.D.N.Y. Feb. 6, 2004) (pre-action intervention warranted where potential witnesses were foreign nationals whose departure from the country was imminent).

As stated by the Court in *John W. Danforth Group*, supra, *Cablevision Lightpath, Inc.* supra, is an excellent example of a showing of particularized need. There, the petitioner established that, "without court intervention, the [requested] information would be lost, since Cablevision routinely destroys such data in the ordinary course of its business after 90 day." 2006 WL 3479332 at 4.

Here, the electronically stored video at the Deer Park Domino's is routinely deleted when the space on the computer allocated to storing the surveillance camera video is full. Therefore, like the data in *Cablevision*, the video in this action will be lost without court intervention.

Accordingly, the Court should issue an order pursuant to FRCP 27 directing YPD and/or Domino's to produce to Petitioner, AREVALO, all electronically stored videos from the surveillance cameras at the Deer Park Domino's

JAMES J. CORBETT